Leonard L. NELSON, Petitioner,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent.

No. 95–3660.

United States Court of Appeals, Federal Circuit.

April 30, 1996.

**4.** Adams' challenge to the sufficiency of the evidence against him is without merit and warrants no discussion.

Leonard L. Nelson, Elmhurst, Illinois, submitted, pro se.

Geoffrey C. Cook, Commercial Litigation Branch, Department of Justice, Washington, D.C., submitted, for respondent. With him on the brief were Frank W. Hunger, Assistant Attorney General and David M. Cohen, Director. Of counsel was Richard E. Rice.

Before NEWMAN, MICHEL, and SCHALL, Circuit Judges.

Opinion for the court filed by Circuit Judge MICHEL. Concurring and dissenting opinion filed by Circuit Judge NEWMAN.

MICHEL, Circuit Judge.

Leonard L. Nelson appeals from the June 1, 1995 decision of the Merit Systems Protection Board (Board), *Nelson v. Federal Deposit Ins. Corp.*, 68 M.S.P.R. 1 (1995), dismissing his petition for review as untimely filed. The appeal was submitted for decision on the briefs on February 6, 1996. Because the Board did not abuse its discretion in dismissing the petition for review in light of Nelson's failure to demonstrate that good cause existed to excuse its untimeliness, we affirm.

### BACKGROUND AND ANALYSIS

In October 1994, the FDIC discontinued the Rent Differential Allowance it had provided Nelson in connection with his reassignment from Kansas City to the agency's Chicago regional office in 1992. He appealed the FDIC's action to the Board in December 1994. In his January 26, 1995 initial decision, the Administrative Judge (AJ) dismissed Nelson's appeal for lack of jurisdiction, reasoning that "[t]here is no law, rule, or regulation that renders an agency's denial of relocation expense allowances directly appealable to the Board." The AJ, following standard practice regarding notification of the 35–day time limit imposed by 5 C.F.R. § 1201.114(d), also informed Nelson in writing that "[t]his initial decision will become final on March 2, 1995, unless a petition for review is filed by that date or the Board reopens the case on its own motion."

On April 14, 1995, 43 days *after* the deadline correctly set forth in the initial decision had passed, Nelson filed a petition for review with the full Board. Nelson also submitted a sworn statement with the petition, in which he attempted to demonstrate that good cause existed to excuse the untimeliness of his filing. Specifically, Nelson contended that it was not until after the March 2, 1995 deadline had passed that he learned of the Board's May 1994 decision in *Fox v. Federal Deposit Insurance Corp.*, 62 M.S.P.R. 447 (1994), a decision that he advanced to demonstrate that the AJ erred in dismissing his appeal for lack of jurisdiction.

▉ The Board dismissed Nelson's petition, concluding that he had failed to establish good cause for its untimely filing. Specifically, the Board reaffirmed the principle "that the discovery of additional legal arguments after the time period for filing a petition for review does not constitute good cause for waiver of the filing deadline...." *Nelson*, 68 M.S.P.R. at 3 (citing *Acree v. United States Postal Service*, 64 M.S.P.R. 566, 569 (1994), and *Puckett v. Department of the Air Force*, 56 M.S.P.R. 25, 27 (1992)). We discern neither legal error nor any abuse of discretion in the Board's conclusion that Nelson failed to establish good cause for the untimeliness of his petition. Even if *Fox* had issued between March 2, the due date of Nelson's petition, and April 14, the date he actually filed it, its discovery by the petitioner cannot constitute good cause for untimeliness under cases such as *Acree* and *Puckett*. That *Fox* issued some five months before the

FDIC took the action Nelson seeks to overturn makes it all the clearer that the Board did not abuse its discretion. Accordingly, we must affirm its decision. 5 U.S.C. § 7703(c) (1995).

■ The Board also "den[ied]" Nelson's request that the Board reopen the appeal "on its own motion" pursuant to 5 C.F.R. § 1201.118,[1] providing a separate ground of decision.[2] *Nelson,* 68 M.S.P.R. at 2. It explained its decision not to reopen the appeal as follows:

> Generally, the Board will not reopen an appeal to cure an untimely filing. The Board may reopen an appeal on its own motion *to correct its own errors* or to *modify its judgment, decree, or order.* However, in this appeal, *the appellant has not shown that an error was made.* The Board case that he cites to support his allegation that his appeal is within the Board's jurisdiction as a reduction in pay, *Fox,* 62 M.S.P.R. 447, is distinguishable from this appeal.

*Id.* at 3 (emphasis added) (citations omitted). The Board then went on, in two paragraphs, to explain how the question presented and decided in *Fox* was distinguishable from the one raised by *Nelson.*[3] *Id.* Finally, at the close of its decision, the Board reemphasized that it was not deciding the merits of Nelson's appeal:

### ORDER

This is the final order of the Merit Systems Protection Board concerning the timeliness of the appellant's petition for review. The *initial decision will remain the final decision* of the Board with regard to the *dismissal of the appeal for lack of jurisdiction.* 5 C.F.R. § 1201.113.

*Id.* at 4 (emphasis added). Moreover, because the initial decision was left final as to the merits of Nelson's claim that the revocation of his rent differential allowance was an appealable reduction in pay, as an AJ's decision it is of *no* precedential value before the Board or its AJs in a future case presenting the question raised by Nelson.[4] *Harris v. Department of the Navy,* 15 M.S.P.R. 464, 467 n. 4 (1983) ("Initial decisions are of no precedential value and therefore are not binding on the Board."); *Clark v. Department of the Navy,* 11 MSPB 71, 12 M.S.P.R. 428, 429 (1982) ("The agency argues that its decision to remove appellant was reasonable and supported by several Board initial decisions. These decisions, however, have no precedential value. . . ."). Assuming, without deciding, that we may review the Board's decision not to reopen an appeal on its own motion under 5 C.F.R. § 1201.118 for an abuse of discretion, we discern no such abuse in the Board's conclusion that since *Fox,* the authority on which Nelson relied, does not control the outcome of the jurisdictional question in the instant case, it had no occasion "to correct its own errors" and thus to reopen the case "on its own motion."

For the foregoing reasons, we affirm the Board's decision dismissing Nelson's petition

---

1. Section 1201.118 provides that "[t]he Board may reopen an appeal and reconsider a decision of a judge on its own motion at any time, regardless of any other provision of this part."

2. According to the dissent, this provision of an alternative ground of decision constitutes a waiver of the dismissal for untimeliness: "Thus the Board decided the merits of the issue of the rent differential allowance. The Board did not simply issue an explanation of its ruling of untimeliness. In order to reach the merits, the full Board necessarily overcame the barrier of untimeliness." Op. at 1379 (footnote omitted). This "waiver" theory, apart from ignoring the Board's express language to the contrary, is without support in any statute or case law of which we are aware.

3. The dissent is thus incorrect in asserting, repeatedly, that the Board "reviewed on its merits the ruling of the administrative judge as to the rent differential allowance." Op. at 1378. The Board did nothing more than base its decision not to reopen the case on its view that the AJ had not erred in concluding that *Fox,* the authority on which Nelson relied, did not control the question of the Board's jurisdiction to hear Nelson's appeal.

4. The Board's decision is thus not "precedential," much less "a significant ruling on a case of first impression," dissenting op. at 1378, or "a decision of first impression and binding effect," *id.* at 1379, and no number of assertions to the contrary can make it so. That the fifth of five headnotes accompanying the Board's decision in the West Publishing Co. reporter incorrectly suggests the contrary is likewise of absolutely no moment.

for review as untimely and denying his request to reopen the appeal on its own motion.

*AFFIRMED.*

## COSTS

Each party to bear its own costs.

PAULINE NEWMAN, Circuit Judge, concurring and dissenting.

The court today adopts the curious position that a precedential ruling of the full Merit Systems Protection Board can not be reviewed on its merits, when the Board issues a significant ruling of first impression along with a ruling that the appeal from the administrative judge to the full Board was untimely. Thus the panel majority does not reach the merits of the appeal, ignoring the full Board's published opinion on the merits. This procedure, which removes the decision from appellate scrutiny, is seriously flawed. I respectfully dissent from the ruling that the merits of the Board's decision are not subject to review.

This case arose because the Federal Deposit Insurance Corporation had withdrawn, with an accusation of wrongdoing, a rent differential allowance that had been granted to Mr. Nelson. He filed a timely appeal to the Board. In an initial decision dated January 26, 1995, the administrative judge determined that Mr. Nelson had not alleged an appealable agency action, on the ground that the discontinuance of a rent differential allowance is not within the Board's jurisdiction. Mr. Nelson sought review by the full Board on April 14, 1995, some six weeks beyond the 35–day time limit. The Board responded in three concurrent ways. The Board (1) dismissed the petition for review as having been untimely filed, explaining that the discovery of additional legal authority did not constitute good cause to waive untimeliness; (2) declined to reopen the appeal on its own motion, holding that no error was made in the administrative judge's decision on the merits; and (3) reviewed on its merits the ruling of the administrative judge as to the rent differential allowance. Mr. Nelson on this appeal argues both the merits and the issue of timeliness. The agency in its re-sponse argues both that the Board correctly held that withdrawal of the rent differential allowance was not within the Board's jurisdiction, and that the appeal to the full Board was untimely.

Mr. Nelson argues that since the payment by the agency of a rent differential allowance is not discretionary for relocated employees it is a form of "pay," and its withdrawal is a "reduction in pay" within the meaning of 5 U.S.C. § 7512(4), and therefore within the Board's jurisdiction. Mr. Nelson cites *Fox v. Federal Deposit Insurance Corp.,* 62 M.S.P.R. 447 (1994), wherein the Board included a rent differential allowance in the "compensation" that was required to be paid to the employee. The full Board, observing that *Fox* was not cited to the administrative judge and its tardy discovery by Mr. Nelson was not ground for waiving the untimely appeal to the full Board, then discussed and distinguished *Fox* on its merits:

> In *Fox,* 62 M.S.P.R. at 451, the Board was interpreting the statutory requirements of the Whistleblower Protection Act (WPA) regarding interim relief, by which an agency must afford an employee "pay, compensation, and all other benefits as terms and conditions of employment," 5 U.S.C. § 7701(b)(2)(B), when it makes a determination not to comply with the interim relief provisions by returning the employee to the workplace. In finding that "compensation" included an RDA in that appeal, we relied on analysis in *McLaughlin v. U.S. Postal Service,* 55 M.S.P.R. at 197–98, in which we found that "compensation" means something other than "pay."

*Nelson v. FDIC,* 68 M.S.P.R. at 3–4. The Board decided the merits of Mr. Nelson's appeal, distinguishing his case from the facts in *Fox:*

> The appellant in *Fox* was entitled under the provisions of the WPA to an RDA as "compensation." That finding does not support a finding that discontinuing the appellant's RDA in this appeal is a reduction in "pay" and thus an action within the Board's jurisdiction under 5 U.S.C. § 7512(4).

*Nelson v. FDIC,* 68 M.S.P.R. at 4. The Board held that "pay" is defined as the rate

of basic pay fixed by law or administrative action for the position held by an employee, citing 5 U.S.C. § 7511(a)(4). The Board held that an employee's rate of basic pay is exclusive of additional pay of any kind, citing 5 C.F.R. § 531.202(k) and *McLaughlin v. United States Postal Service*, 55 M.S.P.R. 192, 197 (1992). In reviewing the merits the Board cited statute and authority, discussed the difference between compensation and pay, and explained why the withdrawal of the rent differential allowance is not "an action within the Board's jurisdiction under 5 U.S.C. § 7512(4)," although it is compensation and is available as relief under 5 U.S.C. § 7701(b)(2)(B). *Nelson v. FDIC*, 68 M.S.P.R. at 4. This is an important distinction of law, apparently of first impression as a Board decision.

The Board declined to reopen the appeal on its own motion, explaining that no error required correction. Thus the Board decided the merits of the issue of the rent differential allowance. The Board did not simply issue an explanation of its ruling of untimeliness.[1] In order to reach the merits, the full Board necessarily overcame the barrier of untimeliness.

If, as the panel majority holds, the only issue before the Federal Circuit is the matter of timeliness, then the Board's ruling with respect to the rent differential allowance is judicially unreviewable. However, this ruling is presented in a published decision, as a decision of first impression and binding effect. The Board published its opinion in the official Reports, and the headnote describes the case holding as: "discontinuing employee's rent differential allowance (RDA) was not a reduction in 'pay' so as to be an action within Board's jurisdiction." *Nelson v. FDIC*, 68 M.S.P.R. at 1.

Indeed, on the majority's view of the case the Board's decision on the merits should now be vacated by this court, not tacitly affirmed. Even if the Board's statement on the merits is treated as a statement of policy or advice, the Board's conclusion is reviewable if it is given binding effect. *Cf. Pacific Gas & Elec. v. Federal Power Comm'n*, 506 F.2d 33, 38–40 (D.C.Cir.1974) (an agency's general statement of policy is subject to judicial review if it binds the public). It is the obligation of the Federal Circuit to provide, and the right of the petitioner to receive, judicial review.

Undoubtedly the Board could have decided only the question of untimeliness; that would not have required a dispositive opinion by the Board on the rent differential allowance. But the full Board used the occasion of this appeal to decide this substantive issue. Its decision is fully reasoned, supported by authority, was published as a decision on the merits, and is defended by the agency as a decision on the merits. The decision is not insulated from the statutory judicial review process simply because the Board cast its opinion as deciding both untimeliness and the merits.

The Board states in its concluding "Order" that the initial decision "will remain the final decision of the Board with regard to the dismissal of the appeal for lack of jurisdiction." The jurisdictional ruling is that the withdrawal of the rent differential allowance is not a reduction in "pay"; in the Board's words, the finding in *Fox v. FDIC* "does not support a finding that discontinuing the appellant's RDA in this appeal is a reduction in 'pay' and thus an action within the Board's jurisdiction under 5 U.S.C. § 7512(4)." *Nelson v. FDIC*, 68 M.S.P.R. at 4. By deciding the merits[2] the Board necessarily waived its

1. The Board usually does not accompany a dismissal for untimeliness with a published opinion on the merits of the substantive issue of the appeal unless the Board reopens the case. A random check of Board decisions on the issue of timeliness of appeal to the full Board from the initial decision of the administrative judge shows that the Board generally does not discuss the merits, but may identify the subject matter of the appeal as background to why the proffered excuse for untimeliness was being rejected. The

discussion in the case at bar was unusual in its treatment of the substance of the appeal.

2. Other published opinions of the Board which are not to be treated as precedent clearly so indicate. *E.g., Rizor v. United States Postal Serv.*, 68 M.S.P.R. 382, 383 (1995) ("The two Board members cannot agree on the disposition of the petition for review. Accordingly, the initial decision is the final decision of the Merit Systems Protection Board in this appeal. This decision shall not be considered as precedent by the

objection to the untimeliness of the filing. Thus the merits of the Board's decision is before us for review.

Board in any other case."); *Gussie v. United States Postal Serv.*, 68 M.S.P.R. 385, 385 (1995) (same). The Board's opinion in *Nelson* does not contain a disclaimer of precedential authority.

Indeed, the Board decided the merits and published its opinion, confirming the result reached by the administrative judge.