92 F.3d 1206
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Peggy A. WRIGHT, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3119.
 United States Court of Appeals, Federal Circuit.
 July 9, 1996.
 
 Before ARCHER, Chief Judge, MICHEL and RADER, Circuit Judges.
 MICHEL, Circuit Judge.
 
 
 1
 Peggy A. Wright petitions for review of the September 26, 1995 initial decision of an Administrative Judge (AJ), Docket No. DC-0831-95-0622-I-1, which dismissed as untimely filed Wright's appeal of a reconsideration decision issued by the Office of Personnel Management (OPM) on February 18, 1992 affirming an initial decision that found she was not entitled to receive a civil service survivor annuity. The AJ's decision became the final decision of the Merit Systems Protection Board (Board) on January 2, 1996, when the Board denied review of the AJ's decision. Because the Board did not abuse its discretion in declining to waive the filing deadline, we affirm.
 
 Discussion
 
 2
 Petitioner Peggy A. Wright was married to James Wright at the time of his disability retirement on February 2, 1977, at which time Mr. Wright elected for Peggy Wright to receive a survivor annuity. Mr. Wright and Peggy Wright were divorced in 1979, and Mr. Wright married Lila Wright in 1981. Mr. Wright continued to receive reduced annuity payments until his death on July 26, 1991, and failed either to designate Lila Wright as a beneficiary of the survivor annuity or elect in writing to provide Peggy Wright such annuity as a former spouse. On August 1, 1991, following the death of her former husband, Peggy Wright filed an application for a survivor annuity with OPM.
 
 
 3
 In its initial decision, dated August 30, 1991, OPM notified Peggy Wright that as an unelected former spouse she was not eligible to receive a survivor annuity. On January 8, 1992, after Peggy Wright discovered Lila Wright had also been denied a survivor annuity because Peggy Wright was still designated as the beneficiary, Peggy Wright requested OPM to reconsider its decision. OPM issued a reconsideration decision on February 18, 1992, reaffirming its finding that, because she was never designated to receive it as a former spouse, Peggy Wright did not meet the requirements for a survivor annuity. The reconsideration decision clearly notified Peggy Wright of her right to appeal to the Board within 25 days of the date of the decision and provided her with filing instructions. Peggy Wright did not take further action because, at that time, "she was not aware of any facts that would change OPM's position."
 
 
 4
 On May 25, 1995, more than three years after any appeal was due, Peggy Wright came across this court's decision in Brush v. Office of Personnel Management, 982 F.2d 1554, 1559-60 (Fed.Cir.1992), wherein we held that OPM is required to send annual notice to annuitants of their rights of election and, in the absence of such notice, a former spouse could be entitled to an annuity despite the deceased employee's failure to make a written election. On July 3, 1995, after reading the Brush case and concluding the facts were similar to her own situation and after communicating with OPM and the Board to determine the proper appeal procedure, Peggy Wright filed an appeal of OPM's reconsideration decision with the Board. The Board's AJ notified Peggy Wright that her appeal appeared to be untimely and ordered her to submit evidence and argument demonstrating that her appeal was timely or that good cause existed for the delay. Peggy Wright did not, and indeed could not, argue that her appeal was timely filed. Rather, she argued (in a submission prepared by an attorney) that good cause existed for waiving the filing time limits because she had only recently become aware of the Brush case and, prior to reading Brush, she was not aware that OPM's failure to notify Mr. Wright about his election rights might make a difference regarding OPM's decision to deny her a survivor annuity.
 
 
 5
 The AJ dismissed Peggy Wright's appeal. The AJ found that the appeal was not timely filed, in light of Peggy Wright's acknowledgment that she had received the February 18, 1992 OPM reconsideration decision and that her appeal was filed after the Board's deadline. The AJ further found that Peggy Wright had not acted with due diligence or ordinary prudence and, thus, had failed to demonstrate good cause for the belatedness of the appeal. The AJ noted that Peggy Wright admitted she did not file an appeal within the applicable time limits due to her belief that nothing would be accomplished, that the discovery that Lila Wright had also been denied a survivor benefit had been included in Peggy Wright's January 8, 1992 request to OPM for the reconsideration decision, and that she failed to explain why it took her over three years to discover the Brush case which issued in 1992. The AJ also noted that the issuance of a precedential decision after the expiration of the time for filing a petition for review does not establish good cause for waiving the filing deadline, citing Romero v. Office of Personnel Management, 66 M.S.P.R. 109, 112, aff'd, 66 F.3d 347 (Fed.Cir.1995) (Table).
 
 Analysis
 
 6
 The Board may waive the time limit for filing an appeal when good cause is shown. 5 C.F.R. § 1201.22(c) (1994). The petitioner bears the burden of demonstrating such good cause. 5 C.F.R. § 1201.56(a)(2)(ii) (1994). The decision regarding whether to waive the time limit for filing an appeal is within the discretion of the Board and this court may not substitute its own judgment for that of the Board. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc); Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986). Thus, as Mrs. Wright concedes her appeal was untimely, our review in this case is limited to determining whether the Board's decision was arbitrary or capricious, an abuse of discretion or otherwise not in accordance with the law. See Mendoza, 966 F.2d at 653; Rowe, 802 F.2d at 437.
 
 
 7
 Applying this standard in view of her failure to argue legal error, we hold that the Board did not abuse its discretion because Peggy Wright has presented no excuse which the Board would have to accept as justifying her delay of over three years in filing her appeal. Peggy Wright admits she did not appeal within the allotted time because she had been unaware of any facts which could change the outcome. The only truly new fact presented by Peggy Wright, either to the AJ in her submission regarding timeliness, to the Board on her appeal of the AJ's dismissal or on appeal to this court, was her discovery of the Brush case while working in a library.[1]
 
 
 8
 However, as we have recently held, the discovery of new legal arguments or the discovery of a precedential decision which may affect the outcome of an appeal does not, by itself, establish good cause for the untimely filing of a petition for review. Nelson v. Federal Deposit Ins. Corp., 83 F.3d 1375, 1376 (Fed.Cir.1996). This rule applies even where, as here, the new decision issued after the due date of an appeal. See id. ("Even if Fox had issued between ... the due date of Nelson's petition [and] ... the date he actually filed it, its discovery by the petitioner cannot constitute good cause for untimeliness ...."); see also Romero, 66 M.S.P.R. at 111-12; Acree v. United States Postal Serv., 64 M.S.P.R. 566, 569 (1994). It is particularly applicable where the decision relied upon by a petitioner does not contain any hint that it was meant to be applied retroactively to alter the outcome of final decisions that were not timely appealed. Brush is such a decision.
 
 
 
 [1]
 Peggy Wright also suggests that she talked to unidentified individuals at OPM who did not give her "any hope that there was anything that could be done." However, she fails to identify either the individuals she allegedly spoke to at OPM or the content of their discussions, other than the fact that OPM correctly informed her that Mr. Wright had failed to fill out the proper papers. In any event, Peggy Wright does not make an estoppel argument here, but rather relies solely on her recent discovery of the Brush decision