# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STEVEN J. STONE,

    Appellant,

  v.

DEPARTMENT OF HOMELAND
  SECURITY,

    Agency.

DOCKET NUMBER
DA-3443-14-0560-I-1

DATE: March 11, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Norman Jackman</u>, Esquire, Cambridge, Massachusetts, for the appellant.

<u>Steven J. Holtkamp</u>, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his reduction in pay appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        In 1984, the agency hired the appellant as an Immigration Inspector with a duty station in Edmonton, Canada. Initial Appeal File (IAF), Tab 8 at 23. In 1987, he was afforded foreign quarters allowance (FQA). *Id.* at 25. In 2000, the appellant was notified that he was subject to the agency's overseas rotation policy, as provided for in its Administrative Manual. His union filed a grievance on his behalf which, in May 2000, was resolved in his favor based on the agency's determination that, as a "local hire" in 1984, he was not subject to the overseas rotation policy. *Id.* at 27. The agency further determined, however, that all entitlements, including FQA, had been erroneously granted to the appellant in the past and that they would be immediately terminated. *Id.* Due to error, the agency did not end the appellant's allowance until October 2001, when he was advised that his salary would be offset to allow the agency to recoup the $30,323.72 erroneously paid to him from May 2000 to October 2001. *Id.* at 42-43. The appellant challenged the action unsuccessfully to the Federal Labor Relations Authority, *id.* at 29-40, and before the agency through arbitration, *id.* at 45-64. In 2012, the appellant was one of a number of similarly-situated employees covered by a Memorandum of Understanding (MOU), the effect of

which prospectively subjected him to a new rotation requirement. *Id.* at 66-68, 70-71. He challenged the new policy unsuccessfully before the Equal Employment Opportunity Commission. *Id.* at 73-74, 76-78, 80-85, 87-90, 92-94.

¶3      On appeal to the Board, the appellant argued that, based on the MOU, his FQA should be reinstated and that the agency should reimburse him for the monies it had garnished from his salary. IAF, Tab 1 at 5. He requested a hearing. *Id.* at 2.

¶4      Because it appeared that the appellant had not raised a matter within the Board's jurisdiction, the administrative judge ordered him to show cause why his appeal should not be dismissed, IAF, Tab 2, and, in response, he argued that he had suffered a loss in pay, IAF, Tab 4. The agency moved that the appeal be dismissed for lack of jurisdiction on the bases that the appellant had not been subjected to an appealable reduction in pay, IAF, Tab 8 at 12-14, and the Board is not authorized to review the existence of his debt, *id.* at 14-16. In response, the appellant reiterated his claim that he has been subjected to an appealable reduction in base pay. IAF, Tab 13 at 5.

¶5      In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 16, Initial Decision (ID) at 2, 6.[2] She found that, while the Board has jurisdiction over an appeal of a reduction in an employee's rate of basic pay, the appellant had not suffered such a reduction. ID at 5-6.

¶6      The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

¶7      The appellant repeats his claim that because the agency deducted money from his pay that it had "no right to deduct," he suffered an appealable reduction in pay. PFR File, Tab 1 at 6. Although the Board has jurisdiction to consider a

---

[2] The administrative judge found that the appellant had failed to raise a nonfrivolous allegation of Board jurisdiction, ID at 6, such that he was not entitled to a hearing, ID at 6 n.8.

reduction in pay, *see* 5 U.S.C. §§ 7512(4), 7513(d), "pay" for purposes of Board jurisdiction under 5 U.S.C. § 7512(4) means basic pay and does not include additional pay of any kind. *See Nelson v. Federal Deposit Insurance Corporation*, 68 M.S.P.R. 1, 3 (1995), *aff'd*, 83 F.3d 1375 (Fed. Cir. 1996); *see also Fernandez v. Department of the Army*, 84 M.S.P.R. 550, ¶ 3 (1999), (the Board lacked jurisdiction to consider the appellant's claim that he suffered an appealable reduction in pay when the agency denied his request for living quarters allowance), *aff'd*, 234 F.3d 553 (Fed. Cir. 2000). Therefore, the appellant has not shown error in the administrative judge's finding that the Board lacks jurisdiction over the appellant's claimed reduction in pay based on the agency's denial of his request for FQA.

¶8        On review, the appellant refers to a footnote in the initial decision to the effect that the Board has limited jurisdiction to review the procedures by which the Office of Personnel Management (OPM) collects a debt and that such a matter, which is within OPM's scope of review, is derivatively within the Board's scope of review. The appellant contends that this appeal does not involve collection of a debt by OPM and therefore is not derivatively within the Board's scope of review. ID at 5 n.7. The appellant argues that, if the Board can review debt collection practices of one agency, then it can review debt collection practices of all agencies. PFR File, Tab 1 at 6. In *Ramirez v. Department of the Army*, 86 M.S.P.R. 211, ¶¶ 2, 3 (2000), the Board considered the appellant's claim that his former employing agency should have granted him a hearing concerning a debt that the agency apparently collected by having OPM offset the debt from his retirement account. The Board held that, although the merits of the underlying debt issue between the appellant and the creditor agency were excluded from the Board's purview, the appellant's procedural claim was within OPM's scope of review "and, derivatively, the Board's." *Id.*, ¶¶ 5-6. Significantly, however, the Board stated that the holding in *Ramirez* is limited to situations where an agency seeks to recover a debt by having OPM offset an

individual's retirement account or benefits. *Id.*, ¶¶ 5, 8. Because OPM is not implicated in the debt collection here, *Ramirez* does not provide a basis for the Board to review it. *See Secrist v. U.S. Postal Service*, 115 M.S.P.R. 199, ¶¶ 5-7 (2010). As a result, we AFFIRM the initial decision in this case.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.