**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| NANCY O. GEEHAN,<br>　　　　　Appellant, | DOCKET NUMBER<br>PH-0752-14-0397-I-1 |
| 　　　v. | |
| DEPARTMENT OF AGRICULTURE,<br>　　　　　Agency. | DATE: September 8, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Chungsoo J. Lee, Feasterville Trevose, Pennsylvania, for the appellant.

Arlene R. Yang and Suzanne K. Roten, Esquire, San Diego, California, for
　　the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which
dismissed the appeal as withdrawn. For the reasons set forth below, the
appellant's petition for review is DISMISSED as untimely filed without good

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

cause shown, 5 C.F.R. § 1201.114(e), (g), and the appellant's request to reopen her appeal is DENIED, 5 C.F.R. § 1201.118.

## BACKGROUND

¶2      The appellant filed this removal appeal in November 2013. Initial Appeal File (IAF), Tab 1. Her representative subsequently filed a written request to withdraw the appeal. IAF, Tab 19. The representative also left a voicemail message with the same request for the administrative judge, who then spoke with the appellant's representative in order to confirm the appellant's intentions, after which the administrative judge issued his initial decision effecting the appellant's clear, decisive, and unequivocal withdrawal of her appeal. IAF, Tab 21, Initial Decision (ID). When neither party filed a petition for review by May 23, 2014, the initial decision became the Board's final decision in this appeal. ID at 2; *see* 5 C.F.R. § 1201.113.

¶3      In March 2015, the appellant filed a second appeal challenging her removal. *Geehan v. Department of Agriculture*, MSPB Docket No. PH-0752-15-0239-I-1, Initial Appeal File (0239 IAF), Tab 1. In the acknowledgment order for that second appeal, the administrative judge noted that the appellant's second appeal may be precluded by res judicata, and he ordered the parties to file evidence and argument on the issue. 0239 IAF, Tab 2. The appellant subsequently filed the instant petition for review in this action, her first appeal concerning her removal. Petition for Review (PFR) File, Tab 1. The Clerk of the Board notified the appellant that her petition for review was untimely filed and that the Board's regulations therefore require her to file a motion, requesting that the Board either accept the petition as timely or waive the time limit for good cause, including a statement signed under the penalty of perjury or an affidavit sworn before a notary or similar authorized official. PFR File, Tab 2; *see* 5 C.F.R. § 1201.114. The agency responds in opposition to the appellant's petition for review. PFR

File, Tab 3. The appellant filed the required timeliness motion and a reply to the agency's response. PFR File, Tabs 5, 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4    In her motion on the timeliness of her petition for review, the appellant claimed that the administrative judge's failure to issue a final decision in this appeal severely prejudiced her because she was not informed of her appeal rights to the U.S. Court of Appeals for the Federal Circuit.[2] PFR File, Tab 5 at 3. With regard to the timeliness of her petition for review, the appellant argued that her March 2015 discovery that the administrative judge had abused his discretion and her April 2015 acquisition of vital evidence pertaining to the administrative judge's conduct in the April 16, 2014 teleconference that preceded her withdrawal provided reason for the Board to either accept the petition as timely or to waive the time limit for good cause. *Id.*; *see* PFR File, Tab 1 at 10.

¶5    The Board's regulations require that a petition for review must be filed within 35 days after the date of the issuance of the initial decision or, if a party shows that she received the initial decision more than 5 days after it was issued, within 30 days after the receipt of the initial decision. 5 C.F.R. § 1201.114(e). The record shows that the appellant registered as an e-filer with the Board's electronic filing system (e-Appeal). IAF, Tabs 1, 12. Registration as an e-filer constitutes consent to accept electronic service of documents issued by the Board. 5 C.F.R. § 1201.14(e). The Board's regulations further provide that Board documents served on registered e-filers like the appellant are deemed received on the date of the electronic submission. 5 C.F.R. § 1201.14(m)(2).

---

[2] The appellant is mistaken on both counts. The initial decision explicitly informed the appellant that it would become the Board's final decision in this appeal if neither party filed a petition for review by May 23, 2014, i.e., within 35 days of its issuance, and it likewise informed the appellant of her further right to review of that initial decision by the U.S. Court of Appeals for the Federal Circuit. ID at 2, 6; *see* 5 U.S.C. § 7703(b)(1)(A); *see also* 5 C.F.R. § 1201.113.

¶6     The record reflects that the regional office transmitted the initial decision via e-Appeal on April 18, 2014.  IAF, Tab 22.  Thus, the appellant is deemed to have received the initial decision on that date.  *See* 5 C.F.R. § 1201.14(e)(1), (m)(2).  As noted above and set forth in the initial decision, the deadline for filing a petition for review of the initial decision was 35 days after its issuance, in this case May 23, 2014.  *See* 5 C.F.R. § 1201.114(e); *see also* ID at 2. The appellant filed her petition for review on April 20, 2015, nearly 11 months after the filing deadline.  PFR File, Tab 1.

¶7     The Board will waive its filing deadline only upon a showing of good cause for the delay in filing.  5 C.F.R. § 1201.114(g).  To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *E.g.*, *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014); *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition.  *Gaetos*, 121 M.S.P.R. 201, ¶ 5; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8     For the following reasons, we find that the appellant has failed to show that she used due diligence or ordinary prudence and that she therefore has not demonstrated good cause for her delay in filing.  The appellant essentially blames her untimely filing on her previous representatives.  In an affidavit included with her petition for review, she claims that her first representative misrepresented her in a January 16, 2014 teleconference by suggesting that she was unable to participate in the proceedings based on her medical condition, refusing to request

accommodations that would allow her to participate in the proceedings, and failing to reduce her response to the agency's interrogatories to writing. PFR File, Tab 1 at 15. She asserts that she terminated the representative for that reason and argues that her post-traumatic stress disorder resurfaced and she fell into deep depression as a result of that experience. *Id.*

¶9　　　After the administrative judge granted the agency's motion to compel discovery, the appellant hired a new representative, her second in this matter. *Id.* The administrative judge then granted the appellant's request for an extension of time to respond to discovery, but the agency was still unsatisfied with the appellant's subsequent response and moved for the administrative judge to sanction the appellant. *Id.*; *see* IAF, Tab 19. The appellant's representative then notified the administrative judge through a voicemail message and in writing that the appellant wished to withdraw her appeal. IAF, Tabs 19-20. As noted above, the administrative judge personally confirmed the appellant's intentions with her representative and dismissed the appeal in keeping with the appellant's stated wishes. ID at 2.

¶10　　　The Board has long held that an appellant is responsible for the errors of her chosen representative. *E.g.*, *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). While a limited exception exists where an appellant has proven that her diligent efforts to prosecute her appeal were thwarted by her representative's deception and negligence, *see Dunbar v. Department of the Navy*, 43 M.S.P.R. 640, 643-45 (1990), that exception is not applicable in this case. In *Dunbar*, the Board found that the appellant diligently monitored the progress of his appeal and that he was misled by his attorney as to whether his office filed the appeal. *See id.* Nevertheless, the appellant therein diligently discovered his attorney's omission and corrected it promptly, such that his appeal was filed only 4 days late. *Id.* By contrast, in this matter, the appellant avers that she discovered the administrative judge's alleged abuse of discretion around 10 months after he dismissed the appeal as withdrawn, and she filed her petition for review nearly

11 months after the initial decision became final. PFR File, Tab 1 at 15. Although she complains about the acts of her representatives, there is nothing in the record to indicate that the appellant monitored the performance of her representatives to ensure their actions were consonant with her wishes and her late discovery of the problems she cites herein indicate less than due diligence. Additionally, although the appellant claims that she was overwhelmed by those circumstances, which she argues exacerbated her medical problems,[3] her affidavit instead focuses on the strategy behind her decision to withdraw, asserting that she withdrew because she thought she would preserve some procedural rights and she wanted to avoid being sanctioned for the reason that she thought it would make it more difficult to restore her healthcare coverage. PFR File, Tab 1 at 17.

¶11    As for the appellant's allegation that her current representative discovered the administrative judge's purported abuse of discretion in March 2015, "the discovery of additional legal arguments after the time period for filing a petition for review does not constitute good cause for waiver of the filing deadline." *Nelson v. Federal Deposit Insurance Corporation*, 83 F.3d 1375, 1376 (Fed. Cir. 1996) (quoting *Nelson v. Federal Deposit Insurance Corporation*, 68 M.S.P.R. 1, 3 (1995)). In any event, rulings on discovery issues are reviewed for abuse of discretion and in order for the appellant to prevail she must not only establish that the administrative judge abused his considerable discretion, but also prove that such abuse caused substantial harm or prejudice to her rights which could have affected the outcome of the case. *Curtin v. Office of Personnel Management*, 846 F.2d 1373, 1378-79 (Fed. Cir. 1988) (citing *Cornelius v. Nutt*, 472 U.S. 648, 657-59 (1985)). Our review of the record reveals no such abuse of discretion on the part of the administrative judge, who simply granted the agency's motion to compel discovery after the appellant failed to respond.

---

[3] The Clerk of the Board's acknowledgment letter informed the appellant of the burden she must meet to establish that her untimely filing was the result of an illness. PFR File, Tab 2. Nevertheless, the appellant did not attempt to make that argument.

IAF, Tab 10.  Moreover, the appellant subsequently responded to the discovery without lodging an objection to it.  IAF, Tabs 13-17.  The appellant's failure to object in a timely manner to the administrative judge's rulings precludes her from raising this matter now on petition for review.  *See Tarpley v. U.S. Postal Service,* 37 M.S.P.R. 579, 581 (1988).

¶12    Finally, we decline to exercise our discretion to reopen this appeal under 5 C.F.R. § 1201.118. The Board generally will not reopen a prior appeal to cure the untimeliness of a petition for review.  *See Deville v. Government Printing Office*, 93 M.S.P.R. 187, ¶ 15 (2002).  Furthermore, such authority must be exercised within a reasonable amount of time, which is generally measured in weeks, not years.  *Id.*, ¶ 16.  In light of the length of time since the issuance of the April 2014 initial decision, we find that the interests of finality outweigh any countervailing consideration for reopening the instant appeal.  *See Deville*, 93 M.S.P.R. 187, ¶¶ 16-17.

¶13    The appellant's petition for review is accordingly dismissed as untimely filed without good cause shown.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the appellant's removal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board


Washington, D.C.