NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAMELA JOAN CHRISTIAN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-1912

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-15-0186-I-1.

---

Decided: September 9, 2016

---

PAMELA JOAN CHRISTIAN, Satellite Beach, FL, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge,* NEWMAN, and DYK, *Circuit Judges.*

PER CURIAM.

Dr. Pamela J. Christian petitions for review of a decision of the Merit Systems Protection Board dismissing her appeal of her indefinite suspension by the Department of the Navy ("Navy" or "agency") as untimely. We *affirm*.

BACKGROUND

Dr. Christian worked as a scientist for the Navy. Her position required her to maintain a security clearance to have access to classified material. On April 30, 2012, Dr. Christian tested positive for drug use. The Navy suspended Dr. Christian's access to classified material pending determination of her security clearance by the Navy's Central Adjudication Facility ("DONCAF"). Because Dr. Christian was no longer eligible for her position by virtue of her access suspension, the Navy proposed her indefinite suspension from duty and pay. The Navy issued its final decision indefinitely suspending Dr. Christian on July 2, 2012, effective July 9, 2012.

DONCAF issued a final decision revoking her clearance and assignment to a sensitive position on January 24, 2013. On September 9, 2013, Dr. Christian appealed that decision to the Personnel Security Appeals Board ("PSAB"). On January 8, 2014, PSAB issued a final decision revoking Dr. Christian's eligibility for a security clearance and assignment to a sensitive position. Dr. Christian resigned from her position effective January 30, 2014.

Dr. Christian appealed her July 9, 2012, indefinite suspension to the Merit Systems Protection Board ("Board") on January 14, 2015. The administrative judge held that Dr. Christian's appeal was untimely because it was not filed within 30 days of the imposition of the indefinite suspension or receipt of notice of the agency's action and that Dr. Christian "has not shown good cause for her delay," and dismissed the appeal as untimely. Supplemental Appendix ("S.A.") 15. The Board affirmed the initial decision. Dr. Christian petitions for review of

the Board decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

"This court will affirm the board's decision to dismiss an untimely filed petition for review unless the decision is shown to have been 'arbitrary, an abuse of discretion, or otherwise not in accordance with law.'" *Olivares v. Merit Sys. Prot. Bd.*, 17 F.3d 386, 388 (Fed. Cir. 1994) (quoting *Phillips v. U.S. Postal Serv.*, 695 F.2d 1389, 1390 (Fed. Cir. 1982)).

The Board found that "[Dr. Christian] does not dispute the administrative judge's finding that the relevant appealable adverse action is the imposition of her July 9, 2012 indefinite suspension." S.A. 4. Section 1201.22(b)(1) of the regulations provides, "an appeal must be filed no later than 30 days after the effective date . . . of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b)(1). *Id.* Dr. Christian does not contend that she received notice of the agency's indefinite suspension decision later than July 9, 2012.[1] Therefore, under 5 C.F.R. § 1201.22(b)(1), her appeal was due by August 8, 2012. Her appeal, filed on January 14, 2015, was 889 days late.

However, Dr. Christian argues that her time for filing an appeal should instead be governed by 5 C.F.R. § 1201.154, which provides,

(a) Where the appellant has been subject to an action appealable to the Board, he or she may either file a timely complaint of discrimination with the

---

[1] Dr. Christian does contend that she did not receive notice of the revocation of her security clearance until January 29, 2014, but that is irrelevant.

agency or file an appeal with the Board no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision on the appealable action, whichever is later.

(b) If the appellant has filed a timely formal complaint of discrimination with the agency:

> (1) An appeal must be filed within 30 days after the appellant receives the agency resolution or final decision on the discrimination issue; or

> (2) If the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, the appellant may appeal the matter directly to the Board at any time after the expiration of 120 calendar days.

*Id.*

This provision is inapplicable because Dr. Christian did not submit a formal discrimination complaint. Rather, Dr. Christian filed a grievance pursuant to the negotiated Grievance Procedure Agreement between the agency and her union, the Federal Union of Scientists and Engineers. *See* Pet'r's App'x 24 ("This grievance is being filed in accordance with [FUSE / NUWC Negotiated Grievance Procedure] . . . ."). The filing of a grievance under the negotiated grievance procedure precluded Dr. Christian from filing a formal discrimination complaint. *See* 29 C.F.R. 1614.301(a) ("[A] person wishing to file a complaint or a grievance on a matter of alleged employment discrimination must elect to raise the matter under either part

1614 or the negotiated grievance procedure, but not both.").[2]

Dr. Christian also argues that her late filing should be excused under 5 C.F.R. § 1201.22, because she established good cause for the delay.

Dr. Christian asserts that she had good cause for her untimely filing because she learned, for the first time in August 2014, of the Board's decision in *Schnedar v. Dep't of the Air Force*, No. DE-0752-11-0343-B-1, 2014 WL 172347, at *519 (M.S.P.B. Jan. 16, 2014), holding that it had authority to review whether the agency complied with its own procedures for taking an adverse action based on a revocation of security clearance, and of the existence of certain Department of Defense regulations. But we have held that "that the discovery of additional legal arguments after the time period for filing a petition for review does not constitute good cause for waiver of the filing deadline." *Nelson v. F.D.I.C.*, 83 F.3d 1375, 1376 (Fed. Cir. 1996) (internal quotation marks and citations

---

[2] Dr. Christian argues that the agency's failure to provide her adequate notice of appeal rights with respect to an "arbitration (grievance) decision" constitutes good cause for untimely filing. Pet'r's Informal Br. at 8. Any agency failure to provide her documentation or notice of appeal rights as to her grievance is irrelevant to her failure to appeal her indefinite suspension to the Board. Moreover, the union never invoked arbitration. No such decision issued, and therefore no appeal rights attached. *See, e.g., Parks v. Smithsonian Inst.*, No. DC07528810345, 39 M.S.P.R. 346, 349 (M.S.P.B. Dec. 28, 1988) ("The final decision rendered pursuant to a negotiated grievance procedure, which is then appealable to the Board under 5 U.S.C. § 7121(d), is the arbitrator's decision in cases where the grievance procedure provides for arbitration as the last resort.").

omitted). Dr. Christian argues that the Board should have found that her alcoholism constituted good cause for her delay. The Board found, however, that "none of [Dr. Christian's] allegations or medical documentation suggests any limitations on her ability to conduct [her] own affairs or otherwise suggest her addiction caused any delay. [] At bottom, she has made no showing her addiction affected or impaired her ability to file an action." S.A. 15.

We perceive no legal error or abuse of discretion in the Board's determination that Dr. Christian did not show good cause for her delay.

## AFFIRMED

### COSTS

No costs.