NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3358

EVANGELISTA LUGO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  April 11, 2005

_____

Before NEWMAN, CLEVENGER, and RADER, <u>Circuit Judges</u>.

PER CURIAM.

Evangelista Lugo ("Mr. Lugo") seeks review of the final decision of the Merit Systems Protection Board ("Board") which dismissed his request to reopen his closed appeal.  <u>Lugo v. Dep't of the Navy</u>, No. SF0752000499-I-1 (M.S.P.B. May 18, 2004).  Because there is no evidence of unusual or extraordinary circumstances which would warrant reopening his case, we <u>affirm</u>.

I

Mr. Lugo was removed from his position as a Department of Defense police officer due to off-duty misconduct involving his misuse of police credentials.  In 2000, he timely appealed his removal to the Board.  After a hearing, the administrative judge ("AJ") issued an initial decision on January 2, 2001, which sustained Mr. Lugo's

removal. The initial decision informed Mr. Lugo that the decision would become final if he did not petition the full Board for review by February 6, 2001. Mr. Lugo filed a petition with this court on March 5, 2001, seeking review of the decision of the Board after it became final. This court dismissed the appeal for failure to prosecute. See Lugo v. Dep't of the Navy, 15 Fed. Appx. 775, 2001 WL 811741 (Fed. Cir. July 1, 2001).

On September 3, 2003, Mr. Lugo filed a document styled a "petition for review" with the Clerk of the Board. Because the request was filed over two years from the initial decision and Mr. Lugo had chosen to appeal the final decision to the Federal Circuit, the Board did not consider whether his petition was timely because it determined that the document was not a petition for review of the initial decision. Rather, the Board found the petition constituted a request for review of a final Board decision on which all appeals had been exhausted or an attempt to reopen his appeal to the Board. The Board found it had discretion to reopen an appeal only if there are unusual or extraordinary circumstances such as an intervening event or misrepresentation and asked Mr. Lugo to explain what circumstances warranted the review of a decision that was over two years old. Mr. Lugo contended that he had newly discovered evidence that undermined the support for his removal. The Board denied the request for review by finding that Mr. Lugo did not present any new evidence and failed to show any unusual or extraordinary circumstances sufficient to reopen his case. Mr. Lugo then appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

04-3358                                    2

## II

This court will not overturn an appeal from a decision of the Board unless the Board's decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence.  5 U.S.C. § 7703(c) (2000).  We review the Board's decision to not reopen an appeal for abuse of discretion.  See Nelson v. Fed. Deposit Ins. Corp., 83 F.3d 1375, 1377 (Fed. Cir. 1996).

## III

The Board has the discretion to reopen an appeal if there are unusual or extraordinary circumstances or matters that were not before the Board at the time it issued its decision in the case.  Lange v. Dep't of the Interior, 95 M.S.P.R. 227, ¶ 5 (2003).  But "this court has stated that, even assuming we have the authority to review such a decision (an issue the court has left open), a party has a 'heavy burden' in attempting to demonstrate that the full Board erred in exercising its discretion not to reopen."  See Zamot v. Merit Sys. Prot. Bd., 332 F.3d 1374, 1378 (Fed. Cir. 2003).

The evidence that Mr. Lugo contends is "newly discovered" relates to the removal of his supervisor Captain Gaston from the agency.  Mr. Lugo asserts that the circumstances of Captain Gaston's removal, if known to him at the time of his initial appeal, would have helped him undermine the agency's case against him.  However, Mr. Lugo also seems to concede that the AJ was aware of this "new" information at the time of the initial appeal as Mr. Lugo asserts that the AJ was under "extreme pressure from the FBI" to conceal evidence of Captain Gaston's removal.  Furthermore, Mr. Lugo has not established the relevance of Captain Gaston's removal to the merits of

Mr. Lugo's case.  Captain Gaston was not the proposing or deciding official for Mr. Lugo's removal.  Although Captain Gaston was subpoenaed to testify, Mr. Lugo did not seek to enforce the subpoena when Captain Gaston did not appear.

We find that Mr. Lugo has not submitted any material evidence that was not available at the time of the Board's initial decision.  Accordingly, the Board did not abuse its discretion because Mr. Lugo failed to establish any unusual or extraordinary circumstances that would warrant reopening his appeal.  We must affirm the decision of the Board.