**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BRYAN K. SANDERS,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE TREASURY,
　　　　　Agency.

DOCKET NUMBER
SF-300A-14-0185-I-1

DATE: January 23, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bryan K. Sanders, Rancho Cucamonga, California, pro se.

Megan K. Gibbons, Esquire, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 　　　The appellant has filed a petition for review of the initial decision, which dismissed his employment practices appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        On March 6, 2008**,** the agency terminated the appellant from his GS-5 Secretary position, during his probationary period, for poor performance. Initial Appeal File (IAF), Tab 14, Attachments 1-2. Years later, he filed the instant employment practices appeal[2] regarding various circumstances surrounding his probationary period and termination. IAF, Tab 1.

¶3        He asserted that employment practices that violated 5 C.F.R. § 300.103 were applied to him because his performance plan and position description did not accurately reflect the major duties and responsibilities of his position, in that the agency:   (1) failed to assign him various duties listed in his position description; (2) required him, pursuant to his performance plan, to perform a significant number of duties not listed in his position description; and also

---

[2] The appellant stated that he was refiling his probationary termination appeal in MSPB Docket No. SF-315H-08-0371-I-1, which he asserted was dismissed without prejudice. IAF, Tab 1 at 2.  However, the initial decision in that matter dismissed the appellant's appeal for lack of jurisdiction and did not address any employment practices claim. *Sanders v. Department of the Treasury*, MSPB Docket No. SF-315H-08-0371-I-1 (0371), Final Order (Aug. 6, 2008) (0371 Final Order); 0371, Initial Decision (Apr. 30, 2008) (0371 ID).

(3) assigned him duties not listed in his performance plan. IAF, Tab 8 at 2-3. He claimed that he did not receive adequate training to perform his duties, although other secretaries received formal training. *Id.* at 3. He also argued that: (1) the agency improperly subjected him to heightened standards when evaluating his performance; (2) the agency erred in relying on the provisions of 5 C.F.R. Part 315, Subpart H to terminate him, rather than affording him an opportunity to improve his performance as provided in 5 U.S.C. chapter 43[3]; (3) the agency and the Office of Personnel Management (OPM) "misapplied" an employment practice by refusing to remove documentation regarding his performance and the reasons for his termination from his Official Personnel Folder and Employee Personnel File, which has affected his employment prospects; and (4) Critical Element 1 of his performance plan had a disparate impact on non-White, non-Asian employees. IAF, Tab 8 at 3-4, 6-7; IAF, Tab 12 at 17-18.

¶4      The administrative judge correctly informed the appellant of his burden to establish jurisdiction by showing that the actions in question constituted employment practices, and that OPM was involved in the administration of the practices. IAF, Tab 2 at 2; *see* 5 C.F.R. § 300.104(a). She further informed the appellant that the Board may not have jurisdiction because it appeared that he was not a candidate for employment when the actions of which he complained occurred, given that he had already been selected for his position and was serving a probationary period. IAF, Tab 2 at 2; *see* IAF, Tab 7 at 2 (the administrative judge stating that "the plain language of the regulation allows a 'candidate' to

---

[3] On review, the appellant makes several arguments regarding the Board's jurisdiction over his termination, including that: (1) he was not a probationer at the time of his termination; (2) the agency erred in effectuating his termination under 5 C.F.R. Part 315; (3) he was not terminated, but rather, was constructively removed because the agency failed to advise him of his Board appeal rights; and (4) he has a right to appeal his alleged removal under 5 U.S.C. chapter 43. Petition for Review (PFR) File, Tab 3 at 13-17. The appellant admittedly raised these arguments in MSPB Docket No. SF-315H-14-0540-I-1, wherein he has also filed a petition for review for our consideration. We will address these claims in our decision in that appeal, which will be issued separately.

appeal to the Board"); *see also* 5 C.F.R. § 300.104(a).  The agency also filed a jurisdictional response,[4] wherein it argued that the Board lacks jurisdiction because the appellant was not a candidate and the actions of which he complained did not constitute employment practices.[5]  IAF, Tab 14.

¶5      The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, without holding a hearing,[6] finding that the appellant was not a candidate within the meaning of 5 C.F.R. § 300.104(a), failed to identify any employment practice and, in any event, failed to show that OPM was significantly involved in any of the actions he argued constituted employment practices.  IAF, Tab 25, Initial Decision (ID).

¶6      The appellant has filed a petition for review.  PFR File, Tab 3.  He disputes the administrative judge's finding that he was not a candidate for employment, asserting that he remained a candidate within the meaning of 5 C.F.R.

---

[4] The appellant asserts that the administrative judge abused her discretion by refusing to consider his January 28, 2014 reply to the agency's jurisdictional response.  PFR File, Tab 3 at 18; *see* ID at 3 n.3.  Specifically, he argues that, under 5 C.F.R. § 1201.23, his reply was not due until January 28, 2014, because the agency did not serve its jurisdictional submission to him by mail until January 13, 2014.  PFR File, Tab 3 at 18; *see* IAF, Tab 14.  His reliance on this regulation is misplaced, however, because the regulation makes clear that a different deadline may be "specified by the Board or its designee."  5 C.F.R. § 1201.23.  The administrative judge specified that the appellant's reply must be received by the Board on or before January 23, 2014, and that the record on jurisdiction would close on that date.  IAF, Tab 7 at 3.  Thus, we find that the administrative judge properly refused to consider the appellant's untimely submission.  In any event, we have reviewed the appellant's January 28, 2014 submission and it contains nothing that would warrant a different outcome in this matter.  *See* IAF, Tab 18.

[5] Based on the foregoing, we find the appellant's assertion on review that he did not receive proper jurisdictional notice to be without merit.  *See* PFR File, Tab 1 at 4, Tab 11 at 7-8.

[6] The appellant indicated that he wished to cancel his hearing request if the Board would not provide him with a list of attorneys who may be willing to represent him on a pro bono basis.  IAF, Tab 3 at 6, Tab 16 at 1-2.  We note that an appellant is responsible for securing his own representative, if he so desires, because no statute or regulation requires the Board to appoint a representative for an appellant.  *Brum v. Department of Veterans Affairs*, 109 M.S.P.R. 129, ¶ 5 (2008).

§ 300.104(a) during his probationary period because probationary periods are used to examine eligibility for permanent tenure in the competitive service and, therefore, his termination was actually a nonselection. *Id.* at 6, 9-13. He also reiterates the claims he made below concerning alleged employment practices. PFR File, Tab 3. The agency filed a response in opposition and the appellant submitted a reply. PFR File, Tabs 4, 11.

¶7    We discern no basis to disturb the initial decision. 5 C.F.R. Part 300, Subpart A establishes principles to govern "employment practices . . . that affect the recruitment, measurement, ranking, and selection of individuals for initial appointment and competitive promotion in the competition service." The Board has jurisdiction to review "[e]mployment practices administered by [OPM] to examine and evaluate the qualifications of applicants for appointment in the competitive service." 5 C.F.R. § 1201.3(a)(7). The appellant's complaints as to his position description and performance plan, the agency's assignment of duties and appraisal of his performance, allegedly inadequate training, and documents placed in his personnel files following his termination, do not relate to practices employed during the selection process for the position he held. We therefore agree with the administrative judge that the appellant did not identify any employment practice in this appeal. *See* ID at 5; *cf. Crum v. Department of the Navy*, 75 M.S.P.R. 75, 79-80 (1997) (the appellants failed to show that any alleged improprieties in the reclassifications of their positions related to an initial appointment or competitive promotion and, therefore, failed to show that the reclassifications involved any appealable employment practice). We also agree that his claims that he remained a candidate while serving a probationary period, and that the agency's imposition of a probationary period constituted an

employment practice, are without merit.[7]  *See* ID at 4-5.  Thus, we AFFIRM the initial decision.[8]

¶8        The appellant requests that the Board reopen his appeals in MSPB Docket Nos. SF-1221-10-0187-W-1 and SF-315H-08-0371-I-1, and vacate the initial decisions in those matters.  PFR File, Tab 3 at 1.  The Board only exercises its discretion to reopen in unusual or extraordinary circumstances, such as where a change in the law results in a conflict between the holding in a decision and controlling precedent or statute, misrepresentation or fraud is discovered after the issuance of the initial decision, or the interests of justice warrant a different outcome based on the weight of the evidence.  *Lugo v. Department of the Navy*, 96 M.S.P.R. 95, ¶ 6 (2004), *aff'd*, 128 F. App'x 145 (Fed. Cir. 2005); *Anthony v. Office of Personnel Management*, 70 M.S.P.R. 214, 219 (1996); *Moriarty v. Rhode Island Air National Guard*, 56 M.S.P.R. 144, 148 (1992).  The appellant has presented no such evidence here.  Moreover, in considering whether to exercise our discretion to reopen an appeal, we must balance the desirability of finality against the public interest in reaching the correct result.  *Lugo*, 96 M.S.P.R. 95, ¶ 6.  Our authority to reopen an appeal under 5 C.F.R.

---

[7] The appellant argues that the administrative judge made an erroneous finding of fact and law, in that she stated that the appellant's attempt to draw "distinctions about whether he filed an appeal over the termination during a probationary period, the termination of his appointment, or the termination of his employment" is "a distinction without a difference."  PFR File, Tab 1 at 4-6; *see* ID at 2 n.1.  The basis for the appellant's argument is unclear.  Regardless, we discern no error and we note that the circumstances surrounding the appellant's separation are wholly irrelevant to the jurisdictional issue in this appeal.

[8] The appellant asserts that the administrative judge erred in applying *Chadwell v. Merit Systems Protection Board*, 629 F.3d 1306, 1309 (Fed. Cir. 2010), to his case because he believes it "does not concern OPM regulations."  PFR File, Tab 3 at 12; *see* ID at 3-4. We discern no error. The administrative judge cited *Chadwell* for the proposition that, in an employment practices appeal, an appellant must nonfrivolously allege that an employment practice violated one of the basic requirements of 5 C.F.R. § 300.103 and must otherwise establish jurisdiction by preponderant evidence, which is accurate.  *See Mapstone v. Department of the Interior*, 110 M.S.P.R. 122, ¶ 7 (2008); *see also* ID at 3-4.

§ 1201.118 is thus limited by the requirement that such authority be exercised "within a short period of time," which is usually measured in weeks, not years. *Miller v. Department of the Army*, 113 M.S.P.R. 572, ¶ 10 (2010). The Board's decisions in the appeals at issue became final approximately 3 and 6 years ago, respectively.[9] For the foregoing reasons, we DENY the appellant's request to reopen his prior appeals.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[9] The initial decision in MSPB Docket No. SF-1221-10-0187-W-1, denied the appellant's request for corrective action under the Whistleblower Protection Act regarding his termination. *Sanders v. Department of the Treasury*, MSPB Docket No. SF-1221-10-0187-W-1 (0187), Initial Decision (July 8, 2010). The appellant thereafter filed a petition for review, which the Board denied. 0187, Final Order (Apr. 6, 2011). The initial decision in MSPB Docket No. SF-315H-08-0371-I-1, which was issued on April 30, 2008, dismissed the appellant's 5 U.S.C. chapter 75 appeal of his termination during his probationary period for lack of jurisdiction. 0371 ID. The appellant filed a petition for review in that matter as well, which the Board denied in a Final Order issued on August 6, 2008. 0371 Final Order. The appellant did not exercise his right to seek judicial review of either Final Order.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.