# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DIANE WALSH,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
SF-3443-15-0829-I-1

DATE: May 13, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Philip Barton, Oceanside, California, for the appellant.

Jennifer Gazzo, Esquire, Camp Pendleton, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal challenging the expiration of her grade retention that resulted from an earlier reclassification of her position. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        Effective February 17, 2008, when the appellant's Supervisory Environmental Protection Specialist, GS-13, position was converted under the National Security Personnel System (NSPS), she was reassigned to the same position but at a YC-02 level. Initial Appeal File (IAF), Tab 4 at 33. On September 27, 2009, with the repeal of the NSPS, the appellant was reassigned back to the General Schedule as an Environmental Protection Specialist, GS-13, *id.* at 30, based on a reorganization that resulted in the removal of her supervisory duties, *id.* at 31-32. The administrative judge dismissed for lack of jurisdiction the appellant's appeal of her 2009 reassignment, finding that she was not reduced in grade or pay. *Walsh v. Department of the Navy*, MSPB Docket No. SF-3443-09-0976-I-1, Initial Decision at 1-4 (Dec. 14, 2009). The full Board denied the appellant's petition for review of that decision. *Walsh v. Department of the Navy*, MSPB Docket No. SF-3443-09-0976-I-1, Final Order (Apr. 13, 2010).

¶3        On July 23, 2013, the appellant was notified that the removal of her supervisory duties in 2009 had the effect of changing the classification of her position from GS-13 to GS-12, but that no such change was made at that time due to an oversight. She was advised that the classification action would be effective

on August 11, 2013, and that she would be eligible for grade retention at the GS-13 level for a period of 2 years. IAF, Tab 1 at 9-11, Tab 4 at 13. On August 10, 2015, the agency notified the appellant that her grade retention had ended. IAF, Tab 4 at 12.

¶4 On appeal, the appellant argued that she was about to suffer a reduction in pay because she would not receive a step increase for which she shortly would have been eligible, had she remained a GS-13. IAF, Tab 1 at 6. She challenged the reclassification of her position that allegedly occurred in 2013, and asked the Board to "follow this downgrade back to 2009." She claimed that, during her earlier appeal, the agency misled the Board as to the effect the action would have on her grade and pay, *id.*, and she requested a hearing, *id.* at 2.

¶5 The administrative judge issued an acknowledgment order advising the appellant that the Board may lack jurisdiction over her challenge to the reclassification of her position in August 2013, and directing her to file evidence and argument to prove that the action is within the Board's jurisdiction. IAF, Tab 2. The agency moved that the appeal be dismissed for lack of jurisdiction. IAF, Tab 4.

¶6 In an initial decision based on the written record, the administrative judge found that a demotion resulting from a reclassification that entitles the employee to limited retained grade and pay under 5 U.S.C. §§ 5362 and 5363 is not appealable as an adverse action under 5 U.S.C. chapter 75. Accordingly, she dismissed the appeal for lack of jurisdiction. IAF, Tab 5, Initial Decision (ID) at 1, 3.

¶7 The appellant has filed a petition for review, Petition for Review (PFR) File, Tabs 1-10, the agency has responded in opposition, PFR File, Tab 12, and the appellant has replied thereto, PFR File, Tab 13.

¶8 On review, the appellant challenges the administrative judge's statement that she did not respond to the September 9, 2015 acknowledgment order. The appellant claims that she did not receive the order until December 30, 2015, after

the initial decision was issued, and that therefore she was denied the right to respond. PFR File, Tab 1 at 9-10. However, she makes no such claim that her representative also failed to receive the order. In any event, the Board's Document Recipients Log Report[2] shows that the September 9, 2015 order was distributed to the appellant and to her designated representative on that date at 7:11:59 p.m. The appellant also claims that she did not receive an email alerting her that the order had been issued, PFR File, Tab 1 at 8-10, although she similarly makes no such suggestion that her representative did not receive email notification. Again, the Log Report shows that email notification was sent without error to the appellant and her representative. The appellant does not dispute that she timely received the agency's response to her appeal.[3] Instead she argues that the "Narrative" did not refer to it as being a response to the administrative judge's order, and thus did not alert her to the fact that such an order had been issued, and that therefore she did not respond to it. *Id.* On the contrary, the Narrative Response of the agency's pleading indicates that the submission includes "the requested materials," IAF, Tab 5 at 5, and concludes by requesting that the appeal be dismissed for lack of jurisdiction, *id.* at 9. The Board's regulations provide that any objection to a written motion must be filed within 10 days from the date of service of the motion. 5 C.F.R. § 1201.55(b); *see* IAF, Tab 2 at 5.

¶9      For all of these reasons, we find that the appellant's failure to respond below either to the administrative judge's acknowledgment order or to the agency's motion to dismiss the appeal for lack of jurisdiction generally precludes her from raising any new claims on petition for review. *Banks v. Department of*

---

[2] Both the appellant and her representative registered as e-filers. IAF, Tab 1 at 2, 3.

[3] In fact, on review, the appellant apologizes for not responding to the agency's motion when it was made, citing "[i]nexperience, the need to use the Appellant and her Representative's very-limited time resources parsimoniously . . ., and the assumption that the Appellant's Claim itself was sufficient to defeat the Agency's position" as "the regretted rationale for this." PFR File, Tab 1 at 5.

*the Air Force*,  [4 M.S.P.R. 268](), 271 (1980) (holding that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

¶10      Nonetheless, we have reviewed the appellant's challenges to the initial decision and discern no basis upon which to disturb it.  As noted, on July 23, 2013, the appellant was advised that her position was to be reclassified and that she would be entitled to grade and pay retention for 2 years.  Employees whose positions are reclassified to a lower grade and who are eligible to and receive grade and pay retention benefits pursuant to [5 U.S.C. §§ 5362]() and 5363 are precluded from bringing an adverse action appeal to the Board from either the reclassification[4] or the reduction in grade or pay.  A demotion resulting from a reclassification that entitles an employee to limited retained grade and pay under 5 U.S.C. chapter 53 is not appealable to the Board as an adverse action under 5 U.S.C. chapter 75.  *Atwell v. Department of the Army*, [2 M.S.P.R. 484](), 490 (1980), *aff'd*, [670 F.2d 272]() (D.C. Cir. 1981).

¶11      The true basis of the appellant's claim is that her 2009 reassignment led to the improper reclassification of her position and that her current appeal is based "at its heart" on what was an adverse action that now provides the Board with jurisdiction.  PFR File, Tab 1 at 6-8, Tab 13 at 7.  She asserts that the agency removed her supervisory duties because of allegations of wrongdoing on her part that were based on false accusations and known to be such at the time, that the agency misled the Board during her first appeal by claiming that she did not, and

---

[4] The agency advised the appellant that she could appeal the classification of her downgraded position, IAF, Tab 1 at 10-11, but she does not allege, nor is there any indication, that she did so.  In any event, such appeals are resolved by employing agencies through their own regulations and by the Office of Personnel Management through its regulations, and the Board has no jurisdiction to review directly the classification of the appellant's position.  *Beaudette v. Department of the Treasury*, [100 M.S.P.R. 353](), ¶ 12 (2005).

would not, suffer a grade or pay reduction, and that that misrepresentation is causally linked to this appeal. As such, she requests that the Board reopen the 2009 appeal and join it for adjudication with the current appeal. PFR File, Tab 1 at 6-8.

¶12    The Board only exercises its discretion to reopen in unusual or extraordinary circumstances, such as when a change in the law results in a conflict between the holding in a decision and controlling precedent or statute, misrepresentation or fraud is discovered after the issuance of the initial decision, or the interests of justice warrant a different outcome based on the weight of the evidence. *Lugo v. Department of the Navy*, 96 M.S.P.R. 95, ¶ 6 (2004), *aff'd*, 128 F. App'x 145 (Fed. Cir. 2005); *Anthony v. Office of Personnel Management*, 70 M.S.P.R. 214, 219 (1996); *Moriarty v. Rhode Island Air National Guard*, 56 M.S.P.R. 144, 148 (1992). Although the appellant claims that, during the first appeal, the agency misrepresented the effect the reassignment action would have on her grade and pay over time, the subject of that appeal was whether the appellant suffered a reduction in grade or pay when she was reassigned from her position under the NSPS to her GS-13 position. The administrative judge found that she did not nonfrivolously allege that she was reduced in grade or suffered a loss in basic pay and that the Board therefore lacked jurisdiction over her appeal, *Walsh v. Department of the Navy*, MSPB Docket No. SF-3443-09-0976-I-1, Initial Decision at 3 (Dec. 14, 2009), and, as noted, that decision became a final decision of the Board. To the extent the appellant argues that the agency engaged in fraud or misrepresentation when it claimed that the reclassification of her position was the result of her reassignment rather than alleged misconduct on her part, she was aware of this claim and in fact raised it during adjudication of her first appeal. *Id.* We find therefore that the appellant has failed to show misrepresentation or fraud discovered after issuance of the initial decision.

¶13    Moreover, in considering whether to exercise its discretion to reopen an appeal, the Board must balance the desirability of finality against the public

interest in reaching the correct result. *Lugo*, 96 M.S.P.R. 95, ¶ 6. The Board's authority to reopen an appeal under 5 C.F.R. § 1201.118 thus is limited by the requirement that such authority be exercised "within a short period of time," which is usually measured in weeks, not years. *Miller v. Department of the Army*, 113 M.S.P.R. 572, ¶ 10 (2010). The Board's final decision in the appellant's first appeal was issued 6 years ago. For these reasons, we deny the appellant's request to reopen her prior appeal.[5]

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

---

[5] With her petition for review, the appellant has submitted numerous documents, including the initial decision and final Board order in her earlier case, PFR File, Tabs 2-3, to which the Board otherwise has access. An August 19, 2009 document regarding her 2009 reassignment, PFR File, Tab 4, is part of the record below, IAF, Tab 4 at 31, and therefore is not new evidence. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). A position description from 2009, PFR File, Tab 5, and another internal agency document from 2009, PFR File, Tab 6, are neither new nor material. And an undated cover sheet, PFR File, Tab 7, and discovery documents from the appellant's earlier appeal, PFR File, Tabs 8-10, are not shown to be new or material. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Therefore, we have not considered these documents.

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____

                                             William D. Spencer
                                             Clerk of the Board

Washington, D.C.