# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEFFREY W. TAM,
      Appellant,

      v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
SF-0752-13-4272-C-2

DATE: September 13, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeffrey W. Tam, Alameda, California, pro se.

Jeremy M. Watson, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement of the Board's award of attorney fees. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      On January 23, 2015, the administrative judge issued an initial decision reversing the agency's removal action. *Tam v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-4272-I-3, Initial Decision (Jan. 23, 2015). The administrative judge found that the appellant had not proven his claims of discrimination and retaliation for equal employment opportunity activity, but she ordered the agency to cancel the removal action, restore the appellant retroactively, and pay him back pay and benefits. *Id*. Because neither party filed a petition for review of that initial decision, it became the final decision of the Board on February 27, 2015. *Id*.

¶3      On March 23, 2015, the appellant petitioned for an award of attorney fees and costs incurred during his successful appeal of the removal action. *Tam v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-4272-A-1, Attorney Fees File (AFF), Tab 1. On June 1, 2015, the administrative judge issued an addendum initial decision directing the agency to pay $7,791.58 in attorney fees and costs to the appellant's former attorney of record, who had represented him for a period of time during the removal appeal. AFF, Tab 6, Attorney Fees Initial Decision. Neither party filed a petition for review of the June 1, 2015 Attorney Fees Initial Decision, which became the final decision of the Board on July 6, 2015. *Id*.

¶4      Meanwhile, in April 2015, the appellant filed a petition for enforcement of the Board's order reversing the removal action. *Tam v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-4272-C-1. In the course of that proceeding, the appellant raised an additional claim that the agency had not complied with the attorney fee award. The Board forwarded the appellant's claim of noncompliance with the attorney fee award to the regional office for docketing as a separate petition for enforcement. *Tam v. U.S. Postal Service*, SF-0752-13-4272-C-2, Compliance File (C-2 CF), Tab 1.

¶5      The administrative judge then issued an acknowledgment order, in which she directed the agency to provide evidence of compliance with the attorney fee award. C-2 CF, Tab 2. The agency responded by providing a copy of a letter, dated June 15, 2015, transmitting a check in the amount of $7,791.58 to the appellant's former attorney. C-2 CF, Tab 4. The appellant did not dispute that the agency had paid the fee award, but indicated that he had an ongoing dispute with his former attorney as to what portion of the fee award should be remitted to him. C-2 CF, Tabs 5-6. He also raised various issues concerning the agency's compliance with the Board's order in *Tam*, MSPB Docket No. SF‑0752‑13‑4272‑I‑3. C-2 CF, Tab 6. On March 30, 2016, the administrative judge issued a compliance initial decision denying the appellant's petition for enforcement of the attorney fee award. C-2 CF, Tab 8, C-2 Compliance Initial Decision . This petition for review followed. Compliance Petition for Review (CPFR) File, Tab 1.

¶6      On review, the appellant contends that the administrative judge was "not fair and equitable" to him because of his ethnicity. *Id*. at 1‑3. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, [1 M.S.P.R. 382](), 386 (1980). Furthermore, an administrative judge's conduct during the course of a

Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant has not pointed to any evidence that the administrative judge was biased or prejudiced against him, or that she displayed favoritism or antagonism in the proceedings below.

¶7    The appellant also contends that the agency failed to comply with the Board's order in *Tam*, MSPB Docket No. SF-0752-13-4272-I-3, regarding back pay interest, health insurance premiums, and retroactive overtime and holiday pay. CPFR File, Tab 1 at 1-2. These matters were raised by the appellant in his petition for enforcement of that order, *Tam*, MSPB Docket No. SF‑0752‑13‑4272‑C‑1, and are not at issue in this proceeding.

¶8    The appellant requests, moreover, that the Board reopen and review his removal appeal. CPFR File, Tab 1 at 4. The Board only exercises its discretion to reopen in unusual or extraordinary circumstances, such as when a change in the law results in a conflict between the holding in a decision and controlling precedent or statute, misrepresentation or fraud is discovered after the issuance of the initial decision, or the interests of justice warrant a different outcome based on the weight of the evidence. *Lugo v. Department of the Navy*, 96 M.S.P.R. 95, ¶ 6 (2004), *aff'd*, 128 F. App'x 145 (Fed. Cir. 2005). Furthermore, in considering whether to exercise its discretion to reopen an appeal, the Board must balance the desirability of finality against the public interest in reaching the correct result. *Id*. The Board's authority to reopen an appeal under 5 C.F.R. § 1201.117 is thus limited by the requirement that such authority be exercised "within a short period of time," which is usually measured in weeks, not years. *Miller v. Department of the Army*, 113 M.S.P.R. 572, ¶ 10 (2010). Here, the Board's final decision in the removal appeal was issued more than a year and a half ago, and the appellant has

not shown the existence of unusual or extraordinary circumstances that would justify reopening that appeal.

¶9　　　Finally, as discussed above, it is undisputed that the agency promptly paid the appellant's former attorney of record the full amount of the attorney fee award.　We therefore discern no error in the administrative judge's decision to deny the appellant's petition for enforcement in this case.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[2]

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

[2] The administrative judge did not provide the appellant with notice of his mixed-case appeal rights.  This was error, but it does not constitute reversible error because we notify the appellant of his mixed-case appeal rights in this final order.  *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186–87 (1988).

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.